[No. 56372-6-I.   Division One.   March 20, 2006.]

PAUL J. ENGBRECHT, *Appellant*, v. THE EMPLOYMENT SECURITY DEPARTMENT, *Respondent*.

424

*Paul Engbrecht*, pro se.

*Robert M. McKenna, Attorney General*, and *Masako Kanazawa, Assistant*, for respondent.

¶1 Per Curiam — An Employment Security Department commissioner determined that Paul Engbrecht is disqualified from unemployment benefits and liable for the repayment of overpaid benefits pursuant to RCW 50.20.070, the misrepresentation disqualification provision of the Employment Security Act, Title 50 RCW. The decision is a correct application of the law to factual findings supported by the record. Therefore, we affirm.

## FACTS

¶2 The uncontested facts are as follows.[1] Paul J. Engbrecht received unemployment benefits from January 12, 2003, to April 10, 2004. He was also employed as a sales-generator by Ever-Green Tree Care, Inc., between January 2003 and March 2004.

¶3 When he filed his unemployment benefit claims between January 12, 2003, and May 11, 2003, Engbrecht reported at least 80 to 90 percent of his gross earnings. However, from May 11, 2003, through April 10, 2004, Engbrecht reported earnings of $4,683, when his actual earnings were $10,182, only 46 percent of his earnings.

¶4 The Employment Security Department Fraud Management Unit investigated Engbrecht's benefit claims and sent him a notice of overpayment and of his right to request an interview. Engbrecht requested an interview, after which the department investigator concluded that Engbrecht was disqualified from benefits under the misrepresentation disqualification provision of the Employment Security Act.

¶5 Engbrecht then requested a hearing to contest the initial determination. At the hearing, Engbrecht admitted that he underreported his earnings. Also, Engbrecht's employer testified that Engbrecht was paid every Monday and would know the exact amount of his earnings for a particular week by the following Monday. Engbrecht nonetheless insisted that he did not knowingly underreport his earnings when he filed his benefits claims.

¶6 The administrative law judge (ALJ) affirmed the department's initial determination. The ALJ pointed out that Engbrecht consistently and substantially underreported his earnings during the weeks at issue and must have known of

---

[1] Engbrecht does not challenge findings of fact 1 through 13. These findings are verities. RAP 10.3(g), (h); *Tapper v. Employment Sec. Dep't*, 122 Wn.2d 397, 407, 858 P.2d 494 (1993). The findings of fact are those made by the administrative law judge at the Office of Administrative Hearings in the initial order adopted by the commissioner in the decision of commissioner.

the underreporting at some time yet did not attempt to correct it:

> Over the 48 weeks at issue in this appeal, the claimant consistently underreported his earnings to the extent that he only reported about 46 percent of his total earnings. Although it is true the claimant could not know with certainty the exact amount of his earnings, the claimant certainly knew that over time he was grossly underreporting his earnings. In order to report correct earnings for at least one of the two weeks that he claimed, all he had to do was to delay submitting a claim until Monday evening or Tuesday, as he did for the weeks ending May 17 and May 24, 2003.

Conclusion of Law 6.

¶7 Engbrecht then petitioned for review of the initial order. The commissioner affirmed the initial order and adopted the ALJ's findings and conclusions, with a modification as to the starting week of the disqualification. The commissioner issued an order requiring Engbrecht to repay the overpaid benefits. Engbrecht appealed the order to King County Superior Court. The superior court affirmed. Engbrecht now appeals from that decision.

## DISCUSSION

¶8 The only issue before us is whether there is sufficient evidence that Engbrecht knowingly made false statements of material fact in obtaining benefits. We conclude there is.

¶9 Review of unemployment benefit decisions is conducted under the Administrative Procedure Act, chapter 34.05 RCW. RCW 50.32.120. The appellate court reviews the findings and decision of the commissioner, not the superior court decision or the underlying ALJ order. *Tapper v. Employment Sec. Dep't*, 122 Wn.2d 397, 405-06, 858 P.2d 494 (1993). This review is performed de novo. *Safeco Ins. Cos. v. Meyering*, 102 Wn.2d 385, 390, 687 P.2d 195 (1984). The decision of the commissioner on matters relating to the Employment Security Act is prima facie correct, and the burden is on the challenger to show otherwise. RCW 50-

.32.150. A commissioner's decision will be overturned only if the agency has erroneously interpreted or applied the law, the order is not supported by substantial evidence, or the order is arbitrary or capricious. RCW 34.05.570(3). Evidence is substantial if it is sufficient " 'to persuade a fair-minded person of the truth of the declared premises.' " *Heinmiller v. Dep't of Health*, 127 Wn.2d 595, 607, 903 P.2d 433 (1995) (quoting *Thieu Lenh Nghiem v. State*, 73 Wn. App. 405, 412, 869 P.2d 1086 (1994)). To obtain relief, Engbrecht must prove both the invalidity of the decision and substantial prejudice. RCW 34.05.570(1)(a), (d).

¶10 A claimant who received benefits to which he or she is not entitled is liable for the repayment of the overpaid benefits, and the commissioner may not waive overpayment if the overpayment was the result of fraud, misrepresentation, willful nondisclosure, or fault attributable to the claimant. RCW 50.20.190(1), (2).

¶11 Engbrecht challenges the commissioner's determination that he is disqualified from unemployment benefits under the disqualification for misrepresentation provision of the Employment Security Act, RCW 50.20.070. He argues that there is insufficient evidence that he "knowingly" underreported his earnings, asserting that he did not know the exact amount of his earnings when claiming benefits. He contends that there is only circumstantial evidence of his knowledge and that such evidence is insufficient to meet the standard of clear, cogent, and convincing evidence required under RCW 50.20.070.

¶12 Although there is no case law on what evidence constitutes disqualification under RCW 50.20.070, the department cites three commissioners' decisions that provide guidance on the issue. Although these decisions are not binding on this court, they are valuable as persuasive authority. *Martini v. Employment Sec. Dep't*, 98 Wn. App. 791, 795, 990 P.2d 981 (2000). Under the commissioner's precedents, clear, cogent, and convincing evidence of the following five elements establishes the disqualification under RCW 50.20.070: (1) The claimant has made a represen-

tation or statement, (2) the statement was false, (3) the claimant was aware that the statement was false or was without knowledge with respect to its truth or falsity, (4) the statement concerned a fact material to claimant's rights and benefits, and (5) the statement was made with the intent that the department should act in reliance thereon. *In re Uhri*, No. 0-04390, Dep't of Employment Sec. Comm'r Dec. No. 624, 2d Series (Wash. July 9, 1980); *In re Psomos*, No. 5-08610, Dep't of Employment Sec. Comm'r Dec. No. 117, 2d Series (Wash. Nov. 28, 1975); *In re Olson*, No. A-55743, Dep't of Employment Sec. Comm'r Dec. No. 636, 1st Series (Wash. Sept. 1, 1965).

¶13 The disqualification for misrepresentation under RCW 50.20.070 does not require proof that Engbrecht actually knew that the amount of his earnings he reported to the department was false. He is disqualified from benefits under this provision if he reported his earnings without knowledge as to the truth of the amount thereof, with the intent that the department should act in reliance thereon. These decisions are consistent with Washington's law on fraud. *See Holland Furnace Co. v. Korth*, 43 Wn.2d 618, 622, 262 P.2d 772 (1953) ("Another essential element necessary to establish actionable fraud is that the speaker must have 'knowledge of its falsity or ignorance of its truth.'" (emphasis omitted) (quoting *Webster v. Romano Eng'g Corp.*, 178 Wash. 118, 120-21, 34 P.2d 428 (1934)). "[I]f a person represents as true material facts susceptible of knowledge, to one who relies and acts thereon to his injury, he cannot defeat recovery by showing that he did not know his representations were false, or that he believed them to be true." *Korth*, 43 Wn.2d at 623.

¶14 Substantial evidence supports the commissioner's finding that Engbrecht knew that he was grossly underreporting his earnings over time and that he could have reported his earnings more accurately. Engbrecht consistently underreported his earnings to the department. He reported only about 46 percent of his earnings for the period between May 11, 2003, and April 10, 2004, although

he had been reporting earnings with 80 to 90 percent accuracy between January and mid-May 2003 while performing the same work for the same employer. Engbrecht could have easily ascertained the correct amount of his earnings and reported them accordingly.

¶15 Given the facts and circumstances of the present case, the commissioner correctly concluded that Engbrecht knowingly made a false statement or representation involving a material fact or knowingly failed to report a material fact and thereby fraudulently obtained or attempted to obtain benefits. Engbrecht is therefore liable for the refund of benefits ordered by the commissioner.

¶16 Affirmed.

Review denied at 159 Wn.2d 1005 (2007).