[No. 35749-6-II. Division Two. April 29, 2008.]

STEVEN P. GRAVES, *Appellant*, v. THE EMPLOYMENT SECURITY DEPARTMENT, *Respondent*.

304

*William M. Hanbey*, for appellant.

*Robert M. McKenna, Attorney General*, and *Bruce L. Turcott, Assistant*, for respondent.

¶1 QUINN-BRINTNALL, J. — Steven P. Graves appeals from a judgment of the Thurston County Superior Court, affirming the Employment Security Department's (ESD) denial of his claim for unemployment benefits. An administrative law judge (ALJ) entered a default judgment in favor of ESD after Graves failed to appear for a hearing on his appeal. Because Graves's only reason for failing to attend the hearing was that he had mismarked the hearing date on his calendar, he has not shown good cause to vacate the default judgment. We affirm.

## FACTS

¶2 The record does not contain the details underlying Graves's[1] unemployment compensation claim. It does show, however, that ESD notified[2] Graves that it was denying benefits because Graves was in violation of his reporting requirements by failing to (1) appear for a job interview

---

[1] Graves lived in Olympia, Washington, before he moved to Alaska in August 2005.

[2] The notice provided in pertinent part:

> If you disagree with this decision, you may appeal. An "appeal" is a written disagreement with our decision and a request for a hearing. You can FAX your written appeal to or mail it to the return address listed. It MUST be received or postmarked by 09/13/2005.
>
> Your letter should include the following: That you want to appeal; the reason(s) you want to appeal; your name and Social Security number; your current address; your telephone number; and your signature. . . . The appeals office will mail a hearing notice to you.

Administrative R. at 7.

training course, (2) submit a job log of jobs applied for or interviews, and (3) show good cause for his failure to attend the job training interview.[3]

¶3 A claimant seeking unemployment benefits must abide by the ESD rules regarding the benefits.[4] RCW 50-.20.010(1)(a); WAC 192-180-020(1). Graves admitted that he missed the interview training course but claimed that he was attending a job interview at the time. Graves did not substantively respond to ESD's finding that he failed to produce a job log, which should have shown this interview and other job search activities.

¶4 Based on these rule violations and reporting deficiencies, ESD, terminated Graves's benefits and sought reimbursement of $12,896 in benefits it had previously paid but later determined were improper. Graves filed a notice of appeal[5] of the benefit denial and order of reimbursement five months after ESD notified him that it was terminating his benefits. Although untimely,[6] the Office of Administrative Hearings (OAH) set a hearing on Graves's appeal for February 8, 2006, and notified him in bold writing that **"failure to appear will result in a Default."** Adminis-

---

[3] RCW 50.20.044 provides:

> If an otherwise eligible individual fails without good cause, as determined by the commissioner under rules prescribed by the commissioner, to attend a job search workshop or a training or retraining course when directed by the department and such workshop or course is available at public expense, such individual shall not be eligible for benefits with respect to any week in which such failure occurred.

[4] Under RCW 50.20.010(1)(a), unemployment benefits claimants are required to report to an employment office for each week of claimed benefits in accordance with the ESD rules. The ESD further requires that claimants must certify the job search requirements for each week they receive benefits and that ESD may review the job search activities at any time. WAC 192-180-020(1). A claimant's failure to report to a scheduled job search interview is grounds for denial of benefits. WAC 192-180-030(1)(d).

[5] Graves's untimely appeal is not at issue here as ESD granted him an appeal despite his late filing. ESD sent Graves its determination notice on August 15, 2005. The notice informed him that if he chose to appeal, his appeal must be filed by September 13, 2005. Graves filed his appeal on January 13, 2006.

[6] To be timely, an appeal must be filed, in writing, within 30 days after the date of ESD's notification or, mailing of its determination. RCW 50.32.020.

trative Record (AR) at 1, 28. But Graves did not appear nor did he provide any documentary evidence (the job log) for consideration at the hearing.

¶5 At the February 8 hearing, the ALJ entered a default Judgment and upheld ESD's decision to deny Graves's benefits. RCW 34.05.440.[7] In addition, the ALJ ordered Graves to repay all benefits he had received previously. The day after the scheduled hearing, February 9, 2006, Graves telephoned the OAH office and asked to reschedule the appeal hearing, stating that he had mismarked the hearing date on his calendar. On March 16, 2006, after the time for filing a motion to reconsider had expired, Graves also requested in writing that he be granted another hearing. On February 14, 2006, Graves timely appealed to the Commissioner's Review Office. RCW 50.32.070.

¶6 The commissioner affirmed the ALJ's decision and found that Graves had not shown good cause for his failing to appear.[8] Graves appealed the commissioner's ruling to the Thurston County Superior Court, which affirmed. Graves then filed a timely notice of appeal from the superior court to this court.

¶7 Here, we review the ESD commissioner's ruling and address whether good cause excused Graves's failure to attend his appeal hearing, requiring vacation of the ALJ's default judgment. We hold that Graves has not shown good cause and affirm.

---

[7] RCW 34.05.440(2) provides:

If a party fails to attend or participate in a hearing or other stage of an adjudicative proceeding, other than failing to timely request an adjudicative proceeding as set out in subsection (1) of this section, the presiding officer may serve upon all parties a default or other dispositive order, which shall include a statement of the grounds for the order.

[8] Subsequently, the commissioner denied Graves's untimely request for reconsideration under WAC 192-04-190 because Graves did not file it within the 10-day deadline.

## DISCUSSION

STANDARD OF REVIEW

■■ ¶8 On appeal, we review the commissioner's decision, rather than the ALJ's initial decision. *Tapper v. Employment Sec. Dep't*, 122 Wn.2d 397, 404-06, 858 P.2d 494 (1993) (citing RCW 34.05.464(4)). Under the Administrative Procedure Act (APA), chapter 34.05 RCW, the commissioner's decision is considered prima facie correct and the "burden of demonstrating the invalidity of agency action is on the party asserting invalidity." RCW 34.05-.570(1)(a). RCW 34.05.570(3) establishes nine bases on which a party may challenge an agency's actions. *Quadrant Corp. v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 154 Wn.2d 224, 233, 110 P.3d 1132 (2005). Here, Graves contends that ESD interpreted its regulation "in a manner that violates due process" and that the actions of the ALJ and the review judge were "arbitrary and unreasonable." Br. of Appellant at 15, 17. Thus, it appears that Graves is relying on two of the nine bases: (1) that ESD erroneously interpreted or applied the law, RCW 34.05.570(3)(d), and (2) the order was arbitrary or capricious. RCW 34.05.570(3)(i).

■ ¶9 In reviewing an administrative action, we sit in the same position as the trial court and apply the APA standards[9] directly to the agency's administrative record. *Superior Asphalt & Concrete Co. v. Dep't of Labor & Indus.*, 112 Wn. App. 291, 296, 49 P.3d 135 (2002) (citing *Tapper*, 122 Wn.2d at 402), *review denied*, 149 Wn.2d 1003 (2003).

■■ ¶10 Like the trial court, we review questions of law de novo but accord substantial weight to the agency's interpretation of the statutes it administers. *Superior Asphalt*, 112 Wn. App. at 296 (citing *Everett Concrete Prods., Inc. v. Dep't of Labor & Indus.*, 109 Wn.2d 819, 823, 748 P.2d 1112 (1988)). Under RCW 50.32.095, the commissioner

---

[9] *See* ch. 34.05 RCW.

may designate certain commissioner's decisions as precedents.[10] These precedents are to be treated as persuasive authority by a reviewing court. *Martini v. Employment Sec. Dep't*, 98 Wn. App. 791, 795, 990 P.2d 981 (2000).

GOOD CAUSE

■■ ¶11 The APA authorizes an ALJ to enter a default judgment if a party fails to attend or participate in a hearing. RCW 34.05.440(2). The claimant may file a motion to vacate the default order. RCW 34.05.440(3). The decision to set aside a default judgment is discretionary. *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 582, 599 P.2d 1289 (1979); *Hwang v. McMahill*, 103 Wn. App. 945, 949, 15 P.3d 172 (2000), *review denied*, 144 Wn.2d 1011 (2001). An abuse of discretion occurs when a decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons. *Griggs*, 92 Wn.2d at 582; *Prest v. Am. Bankers Life Assurance Co.*, 79 Wn. App. 93, 97, 900 P.2d 595 (1995), *review denied*, 129 Wn.2d 1007 (1996).

■ ¶12 The ESD promulgated a rule governing vacating default judgments, which provides that the commissioner may set aside a default judgment order for "good cause" for failure to appear. WAC 192-04-180. WAC 192-04-180 provides in pertinent part:

> Any interested party aggrieved by the entry of an order of default may file a petition for review from such order by complying with the filing requirements set forth in WAC 192-04-170: *Provided, however,* That the default of such party shall be set aside by the commissioner *only upon a showing of good cause* for failure to appear or to request a postponement prior to the scheduled time for hearing. In the event such order of default is set aside, the commissioner shall remand the

---

[10] RCW 50.32.095 states:

The commissioner may designate certain commissioner's decisions as precedents. The commissioner's decisions designated as precedents shall be published and made available to the public by the department.

matter to the office of administrative hearings for hearing and decision.

(Emphasis added.)

¶13 Here, Graves focuses on the superior court's ruling and asserts that it erred in failing to rule that the commissioner abused his discretion when he found that Graves did not show good cause excusing his failure to appear for the February 8 hearing. Specifically, Graves argues that there is no standard for good cause set out in the Washington Administrative Code (WAC) and that the good cause standard required in the trial court should be applied to a claimant's failure to appear for an administrative proceeding.

¶14 For its part, ESD asserts that under the ESD's prior rulings, "good cause" requires that the recipient be prevented from attending the hearing by events beyond his control. ESD contends that this court is required to give deference to the ESD commissioner's prior interpretations of departmental "good cause." RCW 50.32.095.

¶15 Here, Graves failed to attend or participate in a scheduled hearing, and the ALJ entered a default judgment. Graves's only reason for failing to attend was that he mismarked the hearing date on his calendar. While we agree with ESD that deference is generally due to an administrative agency's interpretation of its rules when the agency has special knowledge or expertise, we question whether the "good cause" rule requires such specialized knowledge. *Safeco Ins. Cos. v. Meyering*, 102 Wn.2d 385, 392, 687 P.2d 195 (1984).

■ ¶16 Nevertheless, we leave for another day the issue of ESD's authority to specially define "good cause" as used in its WACs. On this record, under any standard, Graves has not shown that his writing the wrong hearing date on his calendar is good cause for vacating a default judgment. This is especially true in light of Graves's continued refusal to meet ESD reporting and interview requirements and his failure to provide ESD with the information it requested prior to the hearing. *Cf. In re Estate of Stevens*, 94 Wn. App. 20, 30, 971 P.2d 58 (1999) (To establish good cause to set

aside a default order under CR 55(c), a party may demonstrate good cause by a showing of excusable neglect and due diligence.); *see, e.g., State v. Carver,* 122 Wn. App. 300, 305-06, 93 P.3d 947 (2004) (State must prove only that defendant was given notice of his court date, not that he had knowledge of that date every day thereafter. Forgetfulness is not a defense to the crime of bail jumping.). A party's mismarking of a hearing date on their personal calendar is not good cause requiring vacation of an order of default and the commissioner did not abuse his discretion in declining to vacate the ALJ's default judgment on that basis.

## DUE PROCESS AND OTHER ISSUES

¶17 Without analysis, Graves baldly contends that his due process rights were violated because he gained a protected property interest in the unemployment benefits he wrongfully received. He also argues that ESD could not unilaterally make a decision directing that he return this improperly obtained property.[11] In addition, without argument or citation to authority, Graves asserts that he was "subjected to a lack of equal protection in the law." Br. of Appellant at 7. Graves also contends that WAC 192-04-170 does not comport with due process because it is "oppressive" to him. Br. of Appellant at 22.

---

[11] Contrary to Graves's assertion, he was afforded sufficient procedural due process. Here, Graves received two notices clearly informing him of the hearing's scheduled date and time ("Wednesday, February 08, 2006"). AR at 1, 28. We note that Graves does not argue that he did not timely receive the notices, only that he mismarked the date on his calendar. The notices emphasized that any failure to appear would result in a default judgment. It was Graves's responsibility to properly note the correct hearing date on his calendar or to timely contact the agency and request a postponement of the hearing if he was unable to appear. Graves did neither. In addition, the default order clearly outlined the deadlines and procedure Graves should follow if he chose to file for reconsideration. (Under WAC 192-04-190, a petition for reconsideration must be filed within 10 days of the mailing of the initial decision of the commissioner.) Again, Graves failed to meet the deadlines. Under the record as submitted, ESD provided Graves with timely and adequate notices which detailed the reasons for its proposed termination of his unemployment benefits as well as provided Graves several opportunities to be heard. *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). As discussed above, Graves failed to provide the necessary documents and failed to appear for the hearing and to meet most deadlines.

¶18 We cannot review such complex issues based on passing mention in an appellant's brief. RAP 10.3(a)(5); *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290, *review denied*, 136 Wn.2d 1015 (1998).

¶19 Accordingly, we affirm.

HOUGHTON, C.J., and ARMSTRONG, J., concur.