FILED
COURT OF APPEALS
DIVISION II

2014 SEP 23 AM 9: 33

STATE OF WASHINGTON

BY_____
                 DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

|  |  |
|---|---|
| JON C. JAMES,<br><br>       Appellant.<br><br> v.<br><br>STATE OF WASHINGTON EMPLOYMENT<br>SECURITY DEPARTMENT,<br><br>       Respondent. | No. 44714-2-II<br><br>UNPUBLISHED OPINION |

MELNICK, J. — Jon James appeals the trial court's order affirming the Employment Security Department's (Department) denial of unemployment benefits. None of the errors he alleges require reversal. The agency's findings are supported by substantial facts in the record and it correctly applied the law to the facts. We affirm.

## FACTS

James quit his job with a landscaping company. He applied for unemployment benefits. The Department denied James benefits because he voluntarily quit without good cause.

James appealed the denial to an administrative law judge (ALJ). He argued that he quit with good cause for two reasons: illegal activities on the jobsite and safety concerns. The ALJ heard testimony from both James and the employer. James alleged that his employer did not allow employees to take statutorily required breaks and that his employer failed to address safety issues, such as employees riding in the bucket of a bobcat and installing the wrong backflow valve. The employer testified that James never mentioned concerns about safety or breaks

before he quit and that the employer addressed the bobcat and backflow valve issues when they arose.

The ALJ found the employer more credible than James. He also found that James did not report his concerns about breaks or safety issues to the employer before quitting. Accordingly, the ALJ concluded that James failed to show good cause for quitting. The ALJ affirmed the Department's denial of benefits.

James appealed the ALJ's decision to the Department's commissioner. The commissioner adopted the ALJ's findings of facts and conclusions of law and entered the following augmented findings of fact:

> [N]one of claimant's job duties required continuous labor, that is, there was significant down time, ten to fifteen minutes five times a day, to change tools or tasks. The employer contends that the landscaping industry is not subject to the statutory scheduled break requirement because of the nature of the work. The project claimant worked on for the employer was supervised by a general contractor, who notified the employer of safety issues, which the employer corrected immediately. The employer was aware that the project was subject to Occupation Health and Safety Administration rules and strove to abide by them to keep the job.

Administrative Record at 148. The commissioner concluded that James failed to establish good cause for quitting because he did not notify the employer of any alleged problems or give the employer reasonable time to correct them. Additionally, the commissioner determined that the safety issues James raised were immediately addressed and the nature of the work provided for adequate breaks. James petitioned for reconsideration. The commissioner denied the petition.

James appealed to the superior court. The court reviewed the commissioner's record and heard argument from the parties. The court upheld the commissioner's findings of fact and conclusions of law and affirmed the commissioner's decision. James appeals.

ANALYSIS

The Administrative Procedure Act (APA), chapter 34.05 RCW, governs judicial review of the final decision of the Department's commissioner. RCW 50.32.120; *Verizon Nw., Inc. v. Emp't Sec. Dep't,* 164 Wn.2d 909, 915, 194 P.3d 255 (2008). We review de novo the commissioner's findings and decision, not the superior court's decision or the underlying ALJ order. *Engbrecht v. Emp't Sec. Dep't,* 132 Wn. App. 423, 427, 132 P.3d 1099 (2006).

The commissioner's decision is prima facie correct and the burden is on the challenging party to show otherwise. RCW 50.32.150. RCW 34.05.570(3) lists the circumstances under which this court can grant relief from an agency order. James appears to argue that the order exceeded the agency's statutory authority, the agency engaged in unlawful procedures, the agency erroneously interpreted the law, and the order is not supported by substantial evidence. RCW 34.05.570(3)(b)-(e). Issues not raised before the agency may not be raised on appeal. RCW 34.05.554(1).

First, James argues that the Department erred when it failed to grant him conditional benefits under WAC 192-120-050. James did not raise this issue before the agency and he cannot raise it now on appeal. RCW 34.05.554(1).

James next argues that the Department erred by conducting a labor standards investigation and granting a "meal and rest period variance." Appellant's Br. at 6. There is no evidence in the record that the Department engaged in a labor standards investigation or granted a "variance" regarding meal times and rest periods. The Department's review was limited to determining whether James qualified for unemployment benefits.

Next, James alleges deficiencies in the agency's procedures. He contends that the record of his hearing was erased and that certain "Expert Fact Finding"[1] documents were not disclosed to the ALJ or commissioner. Appellant's Br. at 7. Neither of these issues entitles him to relief. James is correct that there was a problem with the recording of his first hearing before the ALJ. However, he was granted another hearing de novo. Additionally, contrary to James's assertions, the "Expert Fact Finding" documents were included in the commissioner's record.

The majority of James's remaining arguments involve challenges to the commissioner's findings of fact. We review the commissioner's findings of fact for substantial evidence in light of the whole record. RCW 34.05.570(3)(e); *Smith v. Emp't Sec. Dep't*, 155 Wn. App. 24, 32, 226 P.3d 263 (2010). "Substantial evidence is evidence that would persuade a fair-minded person of the truth or correctness of the matter." *Smith*, 155 Wn. App. at 32-33. Unchallenged findings are verities on appeal. *Tapper v. Emp't Sec. Dep't*, 122 Wn.2d 397, 407, 858 P.2d 494 (1993). We defer to the agency's judgment regarding witness credibility and the weight of evidence. *Affordable Cabs, Inc. v. Emp't Sec. Dep't*, 124 Wn. App. 361, 367, 101 P.3d 440 (2004). We determine de novo whether the agency correctly applied the law to the factual findings. *Affordable Cabs, Inc.*, 124 Wn. App. at 367.

Generally, an employee cannot receive unemployment benefits if he voluntarily quits without good cause. RCW 50.20.050(2)(a). But an employee may still be eligible for benefits if he quit because of illegal activities on the jobsite or because a lack of safety in the workplace. RCW 50.20.050(2)(b)(viii), (ix); WAC 192-150-130(2), -135(2). These exceptions require the employee to report his concerns to the employer and allow a reasonable period of time for the

---

[1] These documents include interviews with the employer during the Department's initial investigation of James's claim.

employer to correct the problem before quitting. RCW 50.20.050(2)(b)(viii), (ix); WAC 192-150-130(2), -135(2).

James appears to challenge the commissioner's findings that (1) the nature of the work allowed for breaks throughout the day and (2) the employer immediately corrected safety issues. These findings are supported by substantial evidence in the record. The employer testified that, because of the nature of the work, there are at least five 10-15 minute breaks throughout the workday. James asserts that these facts are not true. But the commissioner determined that the employer had more credibility than James. We defer to the commissioner's judgment regarding witness credibility. *Affordable Cabs, Inc.*, 124 Wn. App. at 367. The employer also testified that safety concerns James referenced at the hearing were corrected immediately after they occurred. This evidence is not contradicted in the record. The agency's findings are supported by substantial evidence.

Moreover, even if James had shown that the findings were not supported by substantial evidence, the agency still correctly applied the law to the remaining findings. The commissioner found James did not report his concerns about breaks or safety issues to his employer before quitting. RCW 50.20.050(2)(b)(viii) and (ix) require that, in order to be eligible for unemployment benefits, the employee must report his concerns to the employer before quitting. James did not do so here. Therefore, the commissioner correctly determined that he did not quit for good cause and he is not entitled to unemployment benefits.[2]

Finally, James contends that WAC 192-150-130 and 192-150-135 are unconstitutional. He does not provide any meaningful argument or citation to authority in support of this

---

[2] James urged both this court and the agency to determine whether his employer in fact violated regulations regarding safety and break times. But this is outside the scope of this case. At all levels, this review was limited to whether the Department properly denied James unemployment benefits.

contention. Accordingly, we do not address this argument. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Johanson, C.J.

Bjorgen, J.