**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| AQUEEL W. AL DARRAJI, | No. 85680-4-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| STATE OF WASHINGTON, EMPLOYMENT SECURITY DEPARTMENT, | |
| Respondent. | |

FELDMAN, J. — Aqueel Al Darraji appeals an Employment Security Department (ESD) commissioner's decision affirming an order dismissing his administrative appeal because he failed to establish good cause for his nonappearance at an administrative hearing regarding unemployment benefits. Because Al Darraji has not demonstrated the invalidity of the commissioner's decision, we affirm.

I

Al Darraji was an UBER driver and became unemployed due to the COVID-19 pandemic in March 2020. He applied for and received unemployment benefits from March 1, 2020 to April 28, 2021. Thereafter, ESD issued a determination letter denying further unemployment benefits and assessing an overpayment. Al

Darraji appealed the ESD's determination letter, and a telephonic hearing to review the decision was set for October 4, 2021 at 11:00 AM by the Office of Administrative Hearings (OAH).

The OAH mailed a Notice of Hearing (Notice) to Al Darraji. The Notice provided detailed instructions regarding when and how "**TO PARTICIPATE IN THE HEARING BY PHONE**," including the following:

1. Five minutes before your hearing, call: **1-855-929-3239**.

2. When prompted, enter **246 078 72443** followed by the # key.

3. You will not have an Attendant ID Number. when prompted by the system for your Attendee ID Number, just press #.

4. You will now be in the conference and may hear other participants on the call. Please announce yourself as you join the conference.

. . . .

7. If you have problems joining the telephone conference, or if the judge does not join within ten minutes after the hearing start time, immediately call OAH at (800) 366-0955. If you do not call within 10 minutes after the scheduled hearing start time, the Judge may enter a Default Order, which means you could lose your right to a hearing.

8. If you get disconnected, call back in using the same code.

The Notice further states: "IF <u>YOU</u> FILED THE APPEAL, and you fail to call in, the Administrative Law Judge may hold you in default and dismiss your appeal. RCW 34.05.440(2)."

On the day of the hearing, the Administrative Law Judge (ALJ) waited approximately 20 minutes past the scheduled start time of the hearing for Al Darraji to appear by telephone, but Al Darraji did not appear at the hearing. Consequently,

the ALJ entered an order of default and dismissed Al Darraji's appeal pursuant to RCW 34.05.440.

Al Darraji timely filed a petition for review of the ALJ's dismissal order to the Commissioner's Review Office (CRO) and a motion to vacate the default order. In the motion to vacate, Al Darraji explained:

> I was waiting for judge to call me because I thought he will call me on my phone number and I did not receive any information about this hearing by my mail. I just received email that's tell me I have hearing appointment on October 4. [T]hat's it. [L]ast time unemployment employee called me before my hearing and I thought it's the same thing at this time.

The ALJ declined to consider the motion to vacate because the petition for review deprived the ALJ of jurisdiction. In response to the petition for review, the CRO remanded the matter for a hearing to determine whether Al Darraji could establish good cause for his nonappearance.

The required hearing took place on May 31, 2022, and Al Darraji attended telephonically. At the conclusion of the hearing, the ALJ found that Al Darraji had failed to appear and participate at the October 4, 2021 hearing "because he did not read the instructions in the Notice of Hearing and call in for the hearing, as directed" and concluded, "The petitioner has failed to establish good cause for failing to appear at the October 4, 2021 hearing. The Order Dismissing Appeal (Default) issued on October 5, 2021 is AFFIRMED." In support of the ruling, the ALJ reasoned that failure to read the Notice, lack of understanding of the Notice, and mistake or oversight do not constitute good cause under controlling legal authority.

Al Darraji timely appealed the ALJ's order to the CRO, which adopted the ALJ's findings of fact and conclusions of law, ruled that Al Darraji "has not established good cause for his non-appearance at the October 4, 2021, hearing," and affirmed the ALJ's order dismissing the appeal. Al Darraji timely appealed that decision to Thurston County Superior Court, which transferred the matter to the Court of Appeals pursuant to RCW 34.05.518.

II

The Washington Administrative Procedure Act (APA), ch. 34.05 RCW, governs judicial review of a final decision of an ESD commissioner. *Verizon Nw., Inc. v. Emp't Sec. Dep't*, 164 Wn.2d 909, 915, 194 P.3d 255 (2008). We review the decision of the commissioner, not the underlying decision of the ALJ. *Id.* (citing *Tapper v. Emp't Sec. Dep't*, 122 Wn.2d 397, 405-06, 858 P.2d 494 (1993)). "We consider a commissioner's decision to be prima facie correct and the 'burden of demonstrating the invalidity of agency action is on the party asserting invalidity.'" *Anderson v. Emp't Sec. Dep't*, 135 Wn. App. 887, 893, 146 P.3d 475 (2006) (quoting RCW 34.05.570(1)(a)).

We may reverse the commissioner's decision if they based their decision on an error of law, if substantial evidence does not support the decision, or if the decision was arbitrary or capricious. RCW 34.05.570(3)(d), (e), (i). Al Darraji primarily argues that the commissioner's decision was not supported by substantial evidence. "Evidence is substantial if it is sufficient to persuade a fair-minded person of the truth of the fact a party seeks to prove." *Scheeler v. Dep't of Emp't Sec.*, 122 Wn. App. 484, 488, 93 P.3d 965 (2004).

4

A.    Good Cause Determination

Al Darraji asserts that the commissioner erred in concluding that he did not have good cause for his nonappearance at the October 4, 2021 hearing. We disagree.

The APA expressly authorizes an administrative presiding officer to enter a default judgment if a party fails to attend or participate in a hearing. RCW 34.05.440(2). If such a default order is entered, the standard for setting it aside is as follows: "an order of default will be vacated by the presiding officer only *upon a showing of good cause* for failure to appear or to request a postponement prior to the scheduled time for hearing." WAC 192-04-185(3) (emphasis added). "A party establishes good cause for failure to participate in a hearing if the circumstances would have deterred a reasonably prudent person from doing so." *Moran v. State Emp't. Sec. Dep't*, No. 68464-7-I, slip op. at 7 (Wash Ct. App. June 17, 2013) (unpublished), https://www.courts.wa.gov/opinions/pdf/684647.pdf (citing *In re Shay*, No. 04-2010-47150-R, 2011 WL 8129816 (Wash. Emp't Sec. Dep't Comm'r Dec. No. 970, 2d Series Apr. 29, 2011)).[1]

The commissioner here correctly concluded that Al Darraji had failed to establish good cause for failing to appear at the October 4, 2021 hearing. Al Darraji failed to appear at the hearing even though he received and read the Notice before the scheduled date of the hearing. Additionally, as the instructions quoted in part I above show, the Notice provided clear and detailed information about when and how to participate at the upcoming hearing and warned Al Darraji that failure to

---

[1] Although *Moran* is an unpublished opinion, we may properly cite and discuss unpublished opinions where, as here, doing so is "necessary for a reasoned decision." GR 14.1(c).

appear at the hearing could result in an order of default and dismissal. A reasonably prudent litigant would comply with those instructions.

Although Al Darraji admitted he received and read the Notice, he claimed he mistakenly assumed the ALJ would contact him at the time of the scheduled hearing. Division Two rejected a similar argument in *Graves v. Department of Employment Security*, 144 Wn. App. 302, 182 P.3d 1004 (2008). There, as here, Graves failed to attend a scheduled hearing, and the ALJ entered a default judgment. *Id.* at 310. Graves explained that his "only reason for failing to attend was that he mismarked the hearing date on his calendar." *Id.* The court held, "A party's mismarking of a hearing date on their personal calendar is not good cause requiring vacation of an order of default and the commissioner did not abuse his discretion in declining to vacate the ALJ's default judgment on that basis." *Id.* at 311.

As noted previously, the first instruction in the Notice here stated "Five minutes before your hearing, call: 1-855-929-3239." Additionally, the seventh instruction stated:

> If you have problems joining the telephone conference, or if the judge does not join within ten minutes after the hearing start time, immediately call OAH at (800) 366-0955. If you do not call within 10 minutes after the scheduled hearing start time, the Judge may enter a Default Order, which means you could lose your right to a hearing.

Al Darraji has not articulated a plausible reading of the Notice and instructions that would justify his mistake. Given the clarity of the instructions and Division Two's opinion in *Graves*, the commissioner properly concluded that Al Darraji "has not established good cause for his non-appearance at the October 4, 2021, hearing."

Al Darraji claims he "was unable to comprehend the [Notice] due to a

language barrier." The commissioner carefully considered and rejected this argument:

> In his Petition for Review, claimant argues that his difficulty understanding English prevented him from understanding the instructions in the Notice of Hearing to attend the October 4, 2021, hearing. We disagree. Claimant was able to read the Determination Letter and file an appeal through the Department's eServices, and was also able to read and respond to Department requests for information. . . . Claimant also chose not to request an interpreter when he filed his appeal . . . . Finally, we note that, in the main, claimant responded appropriately in English when speaking with the administrative law judge and was able to correctly read aloud from the Exhibits. Though claimant's English was not perfect, we conclude that it was sufficient to be able to understand the instructions on the first page of the Notice of Hearing.

Here too, substantial evidence supports the commissioner's decision.

First, as the commissioner correctly noted, Al Darraji repeatedly declined to request an interpreter. Addressing this issue, the Notice states:

> **Interpreter Hearing:** If you need an interpreter due to limited ability to speak English or due to a hearing or speech impairment, we will provide an interpreter at no cost. Please contact the Office of Administrative Hearings at the phone number listed above.

Similarly, in his appeal request, Al Darraji was asked "Interpreter Needed," to which he responded "No."

Second, Al Darraji's hand-written pleadings, while not perfect, also support the commissioner's determination. For example, Al Darraji's petition for review explains, "I was working with Uber before quarantine and when the Covid-19 started I did not work anymore and I was eligible for unemployment and I applied for unemployment . . . ." Al Darraji's motion to vacate also cogently explains, "I was waiting for judge . . . . [L]ast time unemployment employee called me before my hearing and I thought it's the same thing at this time."

7

Lastly, the transcript of the May 31, 2022 hearing also supports the commissioner's determination.  When the ALJ asked Al Darraji if he was "able to hear me and understand me today," he responded, "Yeah."  Al Darraji then answered the following questions about his receipt and understanding of the Notice:

- Al Darraji was asked, "Was this Notice of Hearing delivered to you in the mail before October 4th, 2021?" He responded, "Yes. Yes."

- Al Darraji was asked, "I see on . . . page 57 that you told . . . the [OAH] in this Motion to Vacate that you . . . were waiting for the judge to call you.  Was that what happened?"  He responded, "Yes."

- Al Darraji was asked, "Did that Notice of Hearing direct you to call into the hearing?"  He responded, "Yes."

- Al Darraji was asked, "So when you got this Notice of Hearing delivered to you in the mail before October 4th, 2021, did you read the entire notice?"  He responded, "Yes."

Al Darraji was also able to explain in sufficient detail why he did not appear at the previous hearing:

THE ALJ:  Did anything prevent you from reading and following those instructions [in the Notice]?

MR. AL DARRAJI:  Yeah, but I -- I had mistake.

THE ALJ:  And what was the mistake?

MR. AL DARRAJI:  Yeah.  Because I felt that -- that -- that the judge was call me or something like that, so before -- before that, it was the employment -- if they need something from me, they would call on my phone number, so I felt the -- the same thing. . . .

THE ALJ:  Did anything prevent you from reading and following the instructions on this Notice of Hearing to participate in your October 4th, 2021 hearing?

MR. AL DARRAJI:  Yeah. Just a mis -- misunderstanding.

. . . .

8

THE ALJ: Is there anything else you want to tell me, Mr. Al Darraji, about why you did not appear for your hearing on October 4th, 2021?

MR. AL DARRAJI: Yeah. I just -- I -- I -- the -- the mis – the misunderstanding about this point. I thought they would call me, so I was waiting for him all the time and everything, so I thought they would call me, but I had the m -- mis -- misunderstanding so I -- I have to call them or the court number. Yeah. But I was waiting for them.

THE ALJ: Okay. Is there anything else you want to tell me new and additional before -- or is anything else you want to tell me before I rule on whether you have shown good cause under the law for failing to appear at the October 4th, 2021, hearing?

MR. AL DARRAJI: No, this -- that -- that's all.

This evidence, collectively, is more than sufficient to persuade a fair-minded person that although Al Darraji's "English was not perfect . . . it was sufficient to be able to understand the instructions on the first page of the Notice of Hearing." On this record, Al Darraji has not established that the commissioner based their decision on an error of law, that substantial evidence does not support the decision, or that the decision was arbitrary or capricious.

B.    Fair Opportunity to Participate

Al Darraji also claims the commissioner erred "in concluding that [he] had a fair opportunity to participate in the [May 31, 2022] hearing when he expressed confusion throughout the hearing." Again, we disagree.

Initially, this argument was not properly raised before the agency and may not be raised on appeal. RCW 34.05.554 ("[i]ssues not raised before the agency may not be raised on appeal," absent enumerated exceptions that are not applicable here). "In order for an issue to be properly raised before an administrative agency, there must be more than simply a hint or a slight reference

to the issue in the record." *Citizens for Mount Vernon v. City of Mount Vernon*, 133 Wn.2d 861, 869, 947 P.2d 1208 (1997). Al Darraji did not satisfy this requirement to properly raise the issue below and therefore cannot raise it here.

In any event, Al Darraji's argument fails on the merits. In support of the argument, Al Darraji cites the commissioner's decision in *In Re Yusuf*, No. 013199, 2017 WL 9515963 (Wash. Emp't Sec. Comm'r Dec. No. 1012, 2d Series May 26, 2017.[2] There, the commissioner remanded the matter for a new hearing because the record clearly indicated that the claimant had "a very limited understanding of and proficiency in the English language" and the interpreter "appeared to be confused in translating testimony from English to Somali (the claimant's native language) and from Somali to English," which resulted in a "fail[ure] in many instances to provide the claimant with effective communication." *Id.* at *1. Given these circumstances, the commissioner concluded that "justice and the public interest in a fair and equitable outcome in this case" required the ALJ to hold a new hearing at which the claimant would be provided with a different interpreter. *Id.*

Here, in contrast, Al Darraji has not established that justice and the public interest in a fair and equitable outcome in this case require a new hearing because, as discussed above, Al Darraji had a fair and meaningful opportunity to participate in the May 31, 2022 hearing. He declined the opportunity to have an interpreter present throughout the proceedings before the ALJ. He told the ALJ at the May 31, 2022 hearing that he could hear and understand the questions. He was then

---

[2] Although commissioner decisions such as *Yusef* "are not binding on this court, they are valuable as persuasive authority." *Engbrecht v. Emp't Sec. Dep't*, 132 Wn. App. 423, 428, 132 P.3d 1099 (2006).

able to answer numerous questions and effectively communicate why he did not appear at the October 4, 2021 hearing, which was the essential purpose of the May 31, 2002 hearing.  And unlike Yusef, Al Darraji never indicated during the hearing that he was unable to communicate effectively.  On this record, the commissioner's decision in *Yusuf*, even if it were binding precedent, does not compel us to remand the matter for a new hearing.

III

Al Darraji requests an award of attorney fees and costs under RCW 50.32.160.  The statute authorizes such an award only "if the decision of the commissioner shall be reversed or modified."  RCW 50.32.160.  Because that did not occur here, we deny Al Darraji's request.

Affirmed.

_Feldman, J._

WE CONCUR:

_Hazelrigg, ACJ_                    _Mann, J._