# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| TAMARA LOVE,<br><br>Appellant,<br><br>v.<br><br>STATE OF WASHINGTON, EMPLOYMENT SECURITY DEPARTMENT,<br><br>Respondent. | No. 60190-7-II<br><br><br>UNPUBLISHED OPINION |

PRICE, J. — Tamara Love appeals the superior court's order affirming the decision of the Commissioner of the Employment Security Department. We affirm.

FACTS

On May 12, 2023, the Employment Security Department sent Love a notice of overpayment based on a prior decision denying her benefits for weeks that had already been paid. Love appealed the notice of overpayment. The appeal was scheduled for a hearing with the Office of Administrative Hearings on July 31, 2023.

Love failed to appear at the July 31 hearing and did not request a postponement. The administrative law judge (ALJ) found Love in default, dismissed the appeal, and affirmed the May 12 notice of overpayment. The ALJ's order included instructions on how to file a motion to vacate the default order and a sample form for the motion to vacate. The form explicitly required an explanation for why the hearing was missed.

Love did not use the form to file the motion to vacate the default order. Instead, Love filed a petition for review, which made allegations related to the underlying decision regarding the denial of benefits but did not provide any explanation for why Love missed the July 31 hearing.

The commissioner found that, despite clear instructions to provide an explanation for her failure to appear, "no reason for claimant's failure to appear at the duly noticed hearing is alleged in the Petition for Review." Clerk's Papers (CP) at 48. Further, the commissioner found "[u]nder the circumstances, we have no basis for finding that the nonappearance was for an excusable reason." CP at 48. The commissioner affirmed the default order dismissing Love's appeal.

Love filed a petition for reconsideration, in which Love finally stated that she "fell ill and did not realize" she had missed the hearing. CP at 53. The petition for reconsideration was denied.

Love filed a notice of appeal in the superior court. The superior court affirmed the commissioner's decision.

Love appeals.

ANALYSIS

Love argues that the commissioner abused their discretion in the order dismissing her appeal.[1] We disagree.

---

[1] In addition to arguing that the commissioner abused their discretion, Love makes numerous arguments related to the underlying decision denying her unemployment benefits and seeks various remedies (such as damages) for claims that are outside the scope of an administrative review of an agency action. Accordingly, we address only Love's argument that the commissioner abused their discretion in dismissing her appeal of the notice of overpayment.

In this case, we review the commissioner's decision rather than the ALJ's decision. *Graves v. Emp. Sec. Dep't*, 144 Wn. App. 302, 308, 182 P.3d 1004 (2008); *Tapper v. Emp. Sec. Dep't*, 122 Wn.2d 397, 404-06, 858 P.2d 494 (1993). Further, we do not review the petition for reconsideration or the order denying reconsideration. *See* RCW 34.05.470(5) ("The filing of a petition for reconsideration is not a prerequisite for seeking judicial review. An order denying reconsideration . . . is not subject to judicial review.").

An ALJ is authorized to enter an order of default if a party fails to attend the hearing. RCW 34.05.440(2). The party may move to vacate the default order. RCW 34.05.440(3). But an order of default will be set aside "only upon a showing of good cause for failure to appear or to request a postponement prior to the scheduled time for hearing." WAC 192-04-185(4).

Whether to vacate a default order is within the commissioner's discretion. *Graves*, 144 Wn. App. at 309. Therefore, we review the commissioner's decision on whether to vacate a default order for an abuse of discretion. *See id.* "An abuse of discretion occurs when a decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons." *Id.*

Here, in the filing that challenged the default order, Love failed to provide *any* reason for failing to appear at the hearing. Without any reason for why Love failed to appear, the commissioner had no grounds for determining that Love had good cause for her failure to appear. Thus, the commissioner did not abuse their discretion in denying Love's petition for review of the ALJ's default order.

We affirm.

No. 60190-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

VELJACIC, A.C.J.

LEE, J.