[No. 22517-8-III.   Division Three.   November 23, 2004.]

AFFORDABLE CABS, INC., *Appellant*, v. THE EMPLOYMENT SECURITY DEPARTMENT, *Respondent*.

364

*Dustin D. Deissner* (of *Deissner Law Firm, P.L.L.C.*), for appellant.

*Christine O. Gregoire, Attorney General*, and *Mary M. Tennyson, Assistant*, for respondent.

¶1 BROWN, J. — Affordable Cabs, Inc., (ACI) appeals from an order affirming the Department of Employment Security's (Department) decision to require ACI to make unemployment contributions for Jon James, a taxicab driver. ACI contends Mr. James was an independent contractor, not an employee, and thus not responsible for the unemployment contributions. We disagree, and affirm.

## FACTS

¶2 ACI hired Mr. James as a taxicab driver on June 21, 2001. Upon employment, Mr. James signed a contract with ACI, stating he was an independent contractor. ACI provided Mr. James with a car and maintenance. Mr. James was required to return the cab after each shift with a full tank of fuel and to use a portion of the fares to purchase fuel.

¶3 Mr. James received his customers in various ways. First, ACI had several medical patient requests for transportation, which it passed along to its drivers. These customers received a fare discount based on a contract between ACI and Special Mobilities Services. Mr. James was free to refuse these customers. Mr. James also received customers at local taxi stands and by dispatch. He was free to refuse a dispatch, but he seldom did so. Fares were set by ACI.

¶4 At the end of Mr. James's shift, after buying fuel, he would divide the remaining fares 35 percent for himself and 65 percent for ACI, plus $12 to $15 per day for insurance. Mr. James did not personally carry insurance that would cover him while he was driving the taxi, nor did he have a special business license.

¶5 On March 10, 2002, Mr. James ceased working for ACI. On July 29, the Department served an order and notice of assessment on ACI for $567.51 for unemployment contributions for Mr. James's employment. ACI appealed the issue of whether it was required to contribute. After a hearing, the administrative law judge (ALJ) affirmed the order and notice of assessment, deciding Mr. James's work was employment and there was no exemption.

¶6 On petition for review, the Department's commissioner affirmed the ALJ's decision. ACI next appealed to the superior court. The court affirmed the commissioner's decision. This appeal followed.

ANALYSIS

¶7 The issue is whether Mr. James is covered under Washington's Employment Security Act (Title 50 RCW) as an employee, thereby requiring ACI to pay assessed contributions. ACI contends Mr. James was not its employee, but was instead an independent contractor. ACI alternatively argues Mr. James was partly an employee and partly an independent contractor, thereby requiring apportionment of the assessed contributions.

■■ ¶8 In an appeal from a Department decision, we apply the appropriate standards of review from RCW 34.05.570 directly to the agency record. *Dermond v. Employment Sec. Dep't*, 89 Wn. App. 128, 132, 947 P.2d 1271 (1997). We will grant relief from such decisions when an agency erroneously interpreted or applied the law or substantial evidence does not support the decision. RCW 34.05.570(3)(d). ACI, as the party challenging the action, has the burden of proving that the agency's action was

invalid for any of these reasons. RCW 50.32.150; RCW 34.05.570(1)(a). In addressing mixed questions of law and fact, we give the same deference to the agency's factual findings as in other circumstances, but we apply the law to the facts de novo. *Dermond*, 89 Wn. App. at 132. The commissioner's decision is "prima facie correct" under RCW 50.32.150, and we will grant relief only if the petitioner establishes that he "has been substantially prejudiced by the action complained of." RCW 34.05.570(1)(d).

¶9 We review an agency's interpretation and application of the law de novo. *City of Redmond v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 136 Wn.2d 38, 46, 959 P.2d 1091 (1998). We defer to an agency's interpretation of the law where the agency has specialized expertise in the relevant field. *Id.* We are not bound by the agency's interpretation. *Id.* When a party contends an agency decision is not supported by substantial evidence, we review the entire agency record. RCW 34.05.570(3)(e). Evidence is substantial if it is of sufficient quantity " 'to persuade a fair-minded person of the truth or correctness of the [agency] order.' " *City of Redmond*, 136 Wn.2d at 46 (quoting *Callecod v. Wash. State Patrol*, 84 Wn. App. 663, 673, 929 P.2d 510 (1997)).

¶10 The substantial evidence standard is deferential; therefore, we view "the evidence and any reasonable inferences in the light most favorable to the party that prevailed in the highest forum exercising fact-finding authority." *Schofield v. Spokane County*, 96 Wn. App. 581, 586-87, 980 P.2d 277 (1999) (citing *Davidson v. Kitsap County*, 86 Wn. App. 673, 680, 937 P.2d 1309 (1997)). We will not substitute our judgment for that of the agency regarding witness credibility or the weight of evidence. *Callecod*, 84 Wn. App. at 676 n.9.

¶11 RCW 50.04.100 defines "[e]mployment" as, "personal service . . . performed for wages or under any contract calling for the performance of personal services, written or oral, express or implied." In other words, " 'employment' exists if (1) the worker performs personal ser-

vices for the alleged employer and (2) if the employer pays wages for those services (or pays under any contract calling for personal services)." *W. Ports Transp., Inc. v. Employment Sec. Dep't*, 110 Wn. App. 440, 451, 41 P.3d 510 (2002) (citing *Penick v. Employment Sec. Dep't*, 82 Wn. App. 30, 39, 917 P.2d 136 (1996)). Contract provisions describing workers as independent contractors are not dispositive; rather, this court "considers all the facts related to the work situation." *W. Ports*, 110 Wn. App. at 451 (citing *Penick*, 82 Wn. App. at 39).

## Personal Services

¶12 The commissioner concluded Mr. James performed personal services for ACI based upon the terms of the parties' written contract and the income ACI derived from Mr. James's services. Whether a work activity constitutes personal service is a mixed question of law and fact. *Penick*, 82 Wn. App. at 39. The test to determine if the worker performed personal services is whether services performed were clearly for the alleged employer or for its benefit. *Id.* at 40. "Services not directly used to support the alleged employer's business are not personally provided to the alleged employer; thus, there is no employment relationship." *Id.*; *see Cascade Nursing Servs., Ltd. v. Employment Sec. Dep't*, 71 Wn. App. 23, 30, 856 P.2d 421 (1993) (agency nurses did not provide services for the agency that placed them because the agency did not treat patients; thus, it realized only an indirect benefit from the nurses' services).

¶13 In *Penick*, Division Two of this court held that the transportation of goods necessarily relied on truck drivers; therefore, the trucking company directly used and benefited from its drivers' services. *Penick*, 82 Wn. App. at 40. Similarly, ACI's business was based on the transportation of patrons. To operate its business, ACI directly used and benefited from its taxi drivers. Based on the benefit test set forth in *Penick*, Mr. James provided personal service for ACI.

## Wages

¶14 Next, we analyze whether Mr. James "performed for wages *or* under any contract calling for the performance of personal services." RCW 50.04.100 (emphasis added). The word "or" is a function word indicating alternatives. *In re Marriage of Caven*, 136 Wn.2d 800, 808, 966 P.2d 1247 (1998). Thus, Mr. James must either perform personal services for wages or perform personal services under contract. The commissioner concluded Mr. James did not work for wages; rather, he worked under a contract calling for the performance of personal services.

¶15 The record shows Mr. James's services were performed pursuant to a contract. While the contract is not a part of our record, both parties testified one existed, although Mr. James could not remember the exact wording. Since Mr. James performed under a contract, the second factor of RCW 50.04.100 is satisfied.

¶16 Based on Mr. James's performance of personal services for ACI and the parties' contract for personal services, Mr. James was engaged in employment under RCW 50.04.100. We next discuss whether ACI is exempt from paying unemployment compensation contributions under RCW 50.04.140.

## RCW 50.04.140 Exemptions

¶17 Throughout the proceedings the parties have agreed that the relevant statutory exemption is that of RCW 50.04.140(1). This statute contains a three-part test:

> Services performed by an individual for remuneration shall be deemed to be employment subject to this title unless and until it is shown to the satisfaction of the commissioner that:
>
> (1)(a) Such individual has been and will continue to be free from control or direction over the performance of such service, both under his or her contract of service and in fact; and
>
> (b) Such service is either outside the usual course of business for which such service is performed, or that such service is

performed outside of all the places of business of the enterprises for which such service is performed; and

(c) Such individual is customarily engaged in an independently established trade, occupation, profession, or business, of the same nature as that involved in the contract of service.

RCW 50.04.140(1).

¶18 "Since the three requirements of the exemption are stated in the conjunctive, an employer must prove all three parts of the test in order for its workers to be exempt from unemployment compensation coverage." *W. Port*, 110 Wn. App. at 452. Our Supreme Court has held that an exemption "must be strictly construed in favor of the application of the tax and against any person claiming the exemption." *All-State Constr. Co. v. Gordon*, 70 Wn.2d 657, 665, 425 P.2d 16 (1967) (citing *In re Eligibility of Persons Employed at St. Paul & Tacoma Lumber Co.*, 7 Wn.2d 580, 110 P.2d 877 (1941)). Here, ACI contends Mr. James was free from control, worked outside the usual place of business, and was in an established separate trade.

¶19 The first prong of the exemption test requires us to consider whether a worker is free from direction or control during his performance of services for the employing unit. RCW 50.04.140(1)(a). " The crucial issue is not whether the employing unit actually controls, but whether it has the right to control the methods and details of the worker's performance." *W. Port*, 110 Wn. App. at 452 (citing *Risher v. Dep't of Labor & Indus.*, 55 Wn.2d 830, 834, 350 P.2d 645 (1960)).

¶20 Here, the commissioner correctly noted ACI owned the taxicab, provided the means to acquire customers, and set the fares. Evidence in the record supports these findings. While Mr. James had some control over his performance because he was free to refuse a customer, ACI mainly exercised control and direction over Mr. James's performance. Accordingly, ACI has failed to establish the first prong of the exemption test. Even though we could end our analysis here, we briefly discuss the other two prongs.

¶21 Regarding the second prong of the exemption test, ACI fails to show that Mr. James provided services outside the usual course of its business or outside all places of business. RCW 50.04.140(1)(b). The critical service is transporting customers in taxicabs. The record shows Mr. James drove taxicabs in the usual course of ACI's business. Mr. James drove to locations specified by ACI, places where Mr. James was engaged in work. While these places were not owned by ACI, they were places where Mr. James engaged in work. *See In re Assessment Against Miller*, 3 Wn. App. 503, 506, 476 P.2d 138 (1970) (tract of land on which claimant performed logging services was the employer's place of business even though employer did not own the tract).

¶22 The third prong of the exemption test requires ACI to prove Mr. James was engaged in an independently established trade of the same nature as involved in the service contract. RCW 50.04.140(1)(c). The following factors indicate an independently established business:

> (1) worker has separate office or place of business outside of the home; (2) worker has investment in the business; (3) worker provides equipment and supplies needed for the job; (4) the alleged employer fails to provide protection from risk of injury or non-payment; (5) worker works for others and has individual business cards; (6) worker is registered as independent business with state; and (7) worker is able to continue in business even if relationship with alleged employer is terminated.

*Penick*, 82 Wn. App. at 44 (citing *Jerome v. Employment Sec. Dep't*, 69 Wn. App. 810, 815, 850 P.2d 1345 (1993)).

¶23 Here, no evidence shows Mr. James solicited, advertised, or otherwise held himself out to the community as being in a separate business or that he established himself as a separate business. Mr. James merely sold his services—he did not own his taxi, records, or customer lists; have a special business license; or have anything else indicative of an independent business. Mr. James could not continue his business after leaving ACI. The most important factor in determining whether an individual is inde-

pendently engaged is factor seven: the ability to continue in business even if the relationship with the alleged employer is terminated. *All-State Constr. Co.*, 70 Wn.2d at 666. Thus, ACI failed to establish the third prong of the test.

¶24 Other courts have decided taxicab drivers are employees for purposes of state unemployment compensation laws. In *Salt Lake Transportation Co. v. Board of Review of the Industrial Commission of Utah, Department of Employment Security*, 5 Utah 2d. 87, 91, 296 P.2d 983 (1956), the Utah Supreme Court held that taxicab drivers who leased taxis from the cab company and kept the fares collected but paid the company a daily rental fee were in employment for purposes of the Employment Security Act.

¶25 In sum, Mr. James was an employee of ACI, and his work does not fall within the exemptions set forth in RCW 50.04.140(1). Given our conclusion that Mr. James was an employee and not an independent contractor, it is unnecessary to address ACI's alternative argument that Mr. James was part employee and part independent contractor. Moreover, the only legal authority ACI relies on for this argument is RCW 51.08.178, which relates to the computation of monthly wages following an accident for industrial insurance purposes. Without relevant legal authority to support an argument, an assignment of error is waived. *Smith v. King*, 106 Wn.2d 443, 451-52, 722 P.2d 796 (1986).

¶26 Affirmed.

SWEENEY, A.C.J., and KURTZ, J., concur.