## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | No.  46776-3-II |
| Respondent, | |
| v. | |
| RICHARD D. SEVERSON, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Richard Severson appeals a board of appeals (BOA) order affirming a finding by the Department of Social and Health Services (DSHS) that he neglected or maltreated his son.  After DSHS investigated Severson's son's injury, it made a founded finding of neglect or maltreatment.  Several appeals ultimately culminated in a superior court decision affirming the founded finding.  In this appeal, Severson makes several procedural and substantive claims; in essence, he argues that the finding of neglect or maltreatment is unsupported by substantial evidence and that errors, which he broadly characterizes as procedural errors, deprived him of due process.  We affirm the BOA order affirming the finding.

### FACTS

Severson and Cary Floyd had a 10-month-old son, "C."[1]  On December 21, 2010, C sustained a bruised forehead.  Floyd sought treatment at a hospital, and a social worker interviewed her there.  Floyd told the social worker that Severson initiated a physical fight with

---

[1] We refer to the minor by his initial to protect his privacy.

her, and while Severson was holding C, Severson repeatedly knocked Floyd's head into a gate. Floyd thought C sustained a bruised forehead while Severson was assaulting Floyd and holding C. C had a "bruise on the crown area [of his head] that was purple and red in color and about a half-dollar size." Clerk's Papers (CP) at 251.

DSHS initiated an investigation of whether Severson negligently treated or maltreated C. This investigation involved multiple interviews with Floyd, examining medical records and a police report, and interviewing Severson in jail where he was being held for assaulting Floyd. During this investigation, Floyd revealed that she obtained a seven-inch gash on her shoulder, some scrapes, and a swollen hand during the incident. C's bruise was still visible during the investigation. When CPS interviewed Severson in jail, he volunteered that he knew C had a bruise and he pointed to the bruise's location on his own forehead. He told the CPS worker that he pulled Floyd down by the string on her coat hood while he was holding C.

On February 4, 2011, DSHS wrote a letter to Severson notifying him of its findings. It wrote that the allegation that Severson neglected or maltreated C was founded[2] because "by your own admission you were holding [C] while you perpetrated a physical incident on Cary Floyd, pulling Ms. Floyd down by her jacket string, ultimately causing [C] to hit his forehead on the ground, and as a result [C] sustained a contusion/hematoma on his forehead." CP at 63. It concluded that these actions showed a "serious disregard to the consequences for [C] to such a magnitude that it created a clear and present danger to the child's health, welfare, and safety." CP at 63.

---

[2] A "founded" finding is one that DSHS determines is more likely than not to be true. RCW 26.44.020(11).

Severson requested an internal DSHS review of the founded finding, and DSHS upheld its finding after the review. Severson then requested an administrative hearing at the Office of Administrative Hearings (OAH). Severson chose to be assisted by paralegal Jacquie Darby at the hearing; Darby acted in the role of Severson's counsel. The DSHS investigator and Severson testified at the hearing. The OAH administrative law judge (ALJ) found that much of the evidence of Severson's conduct, including the statements Floyd made to DSHS investigators, and the police report, was inadmissible hearsay. She found that admitting these statements would unjustifiably prejudice Severson's rights. Therefore, without the corroboration of Floyd's hearsay statements and the police report, the ALJ reversed the finding of negligent treatment or maltreatment for lacking sufficient evidence.

DSHS petitioned for review before a review judge at the BOA. After reviewing the record, the BOA review judge reinstated the founded finding of negligent treatment or maltreatment. The review judge concluded that sufficient evidence corroborated the hearsay statements, allowing the hearsay statements to be admitted under Administrative Procedure Act[3] (APA) standards. He also found that Floyd's statements to the social worker fell under the hearsay exception for statements for the purpose of medical treatment or diagnosis. Finally, he found that there was sufficient evidence to sustain the founded finding even if all of Floyd's statements were inadmissible hearsay. Therefore, the BOA review judge found by a preponderance of the evidence that Severson attacked Floyd while he was holding C, and in the course of this attack Severson dropped C.

---

[3] Ch. 34.05 RCW.

No. 46776-3-II

Severson petitioned for judicial review in the superior court. After reviewing the record and hearing oral argument, the superior court held that the BOA review judge did not make any errors of law and that his findings of fact were supported by substantial evidence. Severson appeals.

ANALYSIS

I. DISCRETIONARY REVIEW

As a preliminary matter, DSHS argues that we should reject Severson's appeal because it does not meet the criteria of RAP 2.3, which governs discretionary review. DSHS argues that Severson already received his appeal as a matter of right in the superior court. We disagree because Severson has the right to appeal the superior court's determination under RAP 2.2.

RAP 2.2(a) lists the superior court decisions from which a party may appeal as a matter of right. It states, in relevant part:

> [E]xcept as provided in sections (b) and (c), a party may appeal from only the following superior court decisions:
>
> (1) *Final Judgment*. The final judgment entered in any action or proceeding, regardless of whether the judgment reserves for future determination an award of attorney fees or costs.
> . . . .
> (3) *Decision Determining Action*. Any written decision affecting a substantial right in a civil case that in effect determines the action and prevents a final judgment or discontinues the action.

Thus, a party may directly appeal a final judgment or written decision determining the action. RAP 2.2(c) provides that a superior court decision on review of a court of limited jurisdiction is not appealable as a matter of right.

DSHS appears to argue that the administrative hearing and review process is essentially trial in a court of limited jurisdiction, and, therefore, is not appealable as a matter of right under

4

RAP 2.2(c), but this is incorrect. A court of limited jurisdiction is a court organized under Titles 3, 35, or 35A RCW. RCW 3.02.010. Neither the OAH nor the BOA is a court organized under any of those titles; thus, neither is a court of limited jurisdiction. Therefore, the superior court's denial of Severson's petition for review is a final order appealable as a matter of right under RAP 2.2. *ABC Holdings, Inc. v. Kittitas County*, 187 Wn. App. 275, 282, 348 P.3d 1222, *review denied*, 184 Wn.2d 1014 (2015).

## II. FINDING OF NEGLECT

Severson makes over 20 arguments claiming that we should reverse the finding of neglect or maltreatment. Broadly, he argues that the finding (1) is not supported by substantial evidence and (2) should be reversed due to many errors he broadly characterizes as procedural. We disagree.

### A. *Statutory and Regulatory Framework*

Chapter 26.44 RCW, addressing abuse of children, permits DSHS to investigate reports of child abuse or neglect. RCW 26.44.030. DSHS is required to complete such investigations within 90 days from the date of receipt of the report, subject to certain exceptions. RCW 26.44.030(12)(a). At the end of the investigation, DSHS finds whether the report of child abuse or neglect is founded or unfounded. RCW 26.44.030(12)(a). "Founded" means that it is more likely than not that the reported child abuse or neglect occurred. RCW 26.44.020(11). Relevant to Severson's case, negligent treatment or maltreatment of a child means an act or omission that "evidences a serious disregard of consequences of such magnitude as to constitute a clear and present danger to a child's health, welfare, or safety." RCW 26.44.020(16).

DSHS must notify the alleged perpetrator of child abuse or neglect that a founded report exists, and of its legal consequences. RCW 26.44.100(2). The alleged perpetrator may request that DSHS review the finding. RCW 26.44.125(2). DSHS management must then review the finding, and may amend the finding if appropriate. RCW 26.44.125(4). If the report remains founded after agency review, the alleged perpetrator may request an adjudicative hearing to contest the finding, which hearing is governed by the APA. RCW 26.44.125(5).

B.    *Standard of Review*

We sit in the same position as the superior court when reviewing an agency action under the APA. *Tapper v. Emp't Sec. Dep't*, 122 Wn.2d 397, 402, 858 P.2d 494 (1993). We apply the standards of the APA directly to the record before the agency. 122 Wn.2d at 402. RCW 34.05.570(3) allows us to reverse an agency's adjudicative decision in several circumstances, only four of which apply here: (1) the order violates constitutional provisions on its face or as applied, (2) the agency engaged in an unlawful procedure or decision-making process or failed to follow a prescribed procedure, (3) substantial evidence does not support the order, or (4) the order is arbitrary or capricious. Furthermore, we will grant relief only if we determine that the agency's actions have substantially prejudiced a person seeking judicial relief. RCW 34.05.570(1)(d). Severson has the burden of demonstrating the invalidity of the final order. *See* RCW 34.05.570(1)(a).

We review findings of fact for substantial evidence in light of the whole record. RCW 34.05.570(3)(e). Substantial evidence is evidence that is sufficient to persuade a fair-minded person of the truth or correctness of the matter. *King County v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 142 Wn.2d 543, 553, 14 P.3d 133 (2000). We do not "substitute our

judgment for that of the agency regarding witness credibility or the weight of evidence."

*Affordable Cabs, Inc. v. Dep't of Employment Sec.*, 124 Wn. App. 361, 367, 101 P.3d 440

(2004). We view the evidence in the light most favorable to the party who prevailed in the

highest forum that exercised fact-finding authority. *Spokane County v. E. Washington Growth*

*Mgmt. Hearings Bd.*, 176 Wn. App. 555, 565, 309 P.3d 673 (2013). Under RCW 34.05.464, we

review the review judge's findings of fact to the extent that they modify or replace the ALJ's

findings.[4] *Tapper*, 122 Wn.2d at 405-06.

C.      *Substantial Evidence*

Severson alleges a broad variety of errors, which we address below. He does not clearly

argue that substantial evidence does not support the BOA's decision, but he appears to disagree

with the factual findings. We treat these statements as a challenge to the substantial evidence

supporting the BOA's decision affirming the founded finding of neglect. We hold that

substantial evidence supports the finding of neglect.

Administrative courts should not rely exclusively on hearsay evidence if doing so would

unduly abridge the parties' opportunities to confront witnesses and rebut evidence. WAC 388-

02-0475(3). "Hearsay" is an out-of-court statement offered to prove the truth of the matter

asserted. ER 801(c). Hearsay evidence is admissible in an administrative hearing if it is "the

kind of evidence on which reasonably prudent persons are accustomed to rely in the conduct of

their affairs." RCW 34.05.452(1).

---

[4] Severson makes several arguments specifically about the procedure before the ALJ. We generally review the BOA review judge's findings and conclusions, but in this opinion we address the ALJ's actions when Severson contests them specifically.

Here, the BOA review judge altered the credibility determinations of the ALJ and found that Floyd's non-hearsay statements to the social worker at the hospital, the injuries to Floyd and C, and the fact that Severson was not injured were sufficient to corroborate Floyd's hearsay statements to police and DSHS. The review judge further found that, even if all of Floyd's statements were hearsay, the ALJ erred by finding that they were not corroborated by the police's observations of injuries and the hospital records. Based on this record, Severson fails to demonstrate that the findings are not supported by substantial evidence that Severson was neglectful of C when he held him while attacking Floyd.

Nor does Severson demonstrate error in the BOA review judge's conclusions of law. The reviewing judge's findings that Severson chose to physically fight with Floyd while holding C supports the DSHS founded finding that Severson's actions rise to the level of negligent treatment or maltreatment. Thus, we hold that substantial evidence supports the order affirming the founded finding of neglect.

D. *Due Process Challenges*

The remainder of Severson's arguments challenge various procedures, claiming that they violated his due process rights. We have the authority to reverse DSHS's decision if Severson shows that one of the conditions in RCW 34.05.570(3) is met. Among those criteria, three are relevant here: whether DSHS failed to follow a prescribed procedure; whether its ruling is arbitrary or capricious; or whether the order, statute, or rule on which the order is based violates constitutional provisions. RCW 34.05.570(3). Moreover, the agency action Severson complains of must have substantially prejudiced him. RCW 34.05.570(1)(d). We hold that Severson fails to show any reversible error.

8

1. *Impartiality*

Severson argues that the BOA review judge, as a DSHS employee, cannot be an impartial judge and, therefore, Severson's due process rights were violated. The APA permits DSHS to render final agency decisions. Under 34.05.425(1) of the APA, the presiding officer in an administrative hearing is required to be either the head of the agency or one or more members of the agency head, some other person designated by the agency head, or an administrative law judge. Severson cites no authority that RCW 34.05.425(1) results in a due process violation merely because the final decision is rendered by a DSHS employee.

Nor is the fact that the review judge is a DSHS employee a basis for disqualification. The APA provides that an employee will be "disqualifi[ed] for bias, prejudice, interest, or any other cause provided in this chapter or for which a judge is disqualified." RCW 34.05.425(3). We assume that an adjudicator is impartial, and the party claiming bias must make an affirmative showing that bias exists. *Nationscapital Mortg. Corp. v. Dep't of Fin. Insts.*, 133 Wn. App. 723, 766, 137 P.3d 78 (2006). The combination of investigative, prosecutorial, and adjudicative functions within an agency does not violate due process. *Nationscapital Mortg. Corp.*, 133 Wn. App. at 766.

Here, Severson has not provided any direct or circumstantial evidence that the BOA review judge was biased. He provides no authority that would allow us to infer bias from the sole fact that DSHS employed the review judge. *See Hardee v. Dep't of Soc. & Health Servs.*, 152 Wn. App. 48, 57-58, 215 P.3d 214 (2009) (rejecting a similar argument). And our Supreme Court has held that there is "no inherent unfairness in the mere combination of investigative and

9

adjudicative functions." *Med. Disciplinary Bd. v. Johnston*, 99 Wn.2d 466, 479, 663 P.2d 457 (1983); *see also Hardee*, 152 Wn. App. at 58. Severson's claim fails.

2. *Timeliness*

Severson argues that DSHS violated his constitutional due process rights by exceeding the 90-day time limit for investigations. Because Severson provides no argument or authority supporting this due process argument, we do not consider it. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Severson also argues that DSHS untimely filed its exhibits and witness list. Under a prehearing order, a hearing was set for September 10, 2012. The order required DSHS to mail its proposed exhibits and final witness list to Severson by July 31, 2012. The administrative record contains a handwritten annotation by Severson averring that DSHS did not mail the exhibits or the witness list until August 20. But even taking this allegation as true, Severson fails to show that the untimely mailing substantially prejudiced him as is required by RCW 34.05.570(1)(d). Thus, this claim fails.

3. *Order About Allegations*

Severson argues that the DSHS violated an order that it would argue only that Floyd was holding C. He argues that the sixth prehearing order (preparing for the hearing before the ALJ) contains this order, and that DSHS later violated it by arguing that Severson was holding C. This allegation refers to the "ISSUES" section of the prehearing order, in which the ALJ wrote:

> The Department alleges that on December 21, 2010, Mr. Severson assaulted the mother of the child [C] (born February 2, 2010) when *she* was holding the child, resulting in injury to the child and to the mother. The Department contends these actions constituted negligent treatment or maltreatment of a child by Mr. Severson. *The bases for the Department's action are specified in the Department's*

10

> *notification letter dated February 4, 2011*. The hearing in this matter will be limited to *those allegations*.

CP at 147 (emphasis added) (boldface omitted). The order clearly provides that the hearing will be limited to the allegations listed in DSHS's notification letter dated February 4. In the February 4 letter, DSHS alleged that Severson was holding C. Thus, DSHS did not violate this order by alleging that Severson was holding C.

### 4. *Evidentiary Rules*

Severson argues that the evidentiary rules apply to these proceedings and that DSHS somehow violated his due process rights. This argument fails to articulate the basis of the challenge; Severson does not say whether he is contesting evidence that was admitted or arguing that other evidence was wrongly excluded. Nor does he state which evidence is at issue. Because he does not adequately explain the nature of his argument, we do not consider it. *See* RAP 10.3(a)(6).

### 5. *Lawyer-Client Conflict*

Severson argues that his "hired help" stipulated away a valuable right of her client, Severson, by allowing the DSHS exhibits into the record against his wishes and without consulting Severson. This challenge fails.

First, Severson chose for Darby to assist him and act as his representative at the hearing;[5] thus, he chose for Darby to advocate in his place. Second, the record does not show that Severson specifically objected to parts of the record; it shows instead that he attempted to speak

---

[5] Under WAC 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, a party may be represented at a DSHS hearing at OAH by anyone, including a paralegal.

to represent himself at the hearing, and the ALJ did not let him represent himself because he chose to use Darby as a spokesperson. Thus, any claim about specific exhibits Severson personally objected to is outside our record.

6. *Right To Speak*

Severson argues that his constitutional right to speak and participate in the hearing was violated. This challenge also fails.

First, Severson fails to establish that there is a constitutional right to speak at an administrative hearing. Second, this claim is factually unsupported. There is no transcript of the September 10, 2012 hearing, thus Severson has failed to carry his burden of showing that he was disallowed from speaking there.

Severson also argues that he was not allowed to participate in the October 1, 2012 hearing, but he testified at that hearing. Because he elected to be represented, the ALJ ruled that Severson could not speak in a self-representing capacity. Thus, it is incorrect for Severson to argue that he was not allowed to speak at the October 1 hearing; he did testify, and he chose to be represented by Darby rather than to represent himself.

7. *Review of Record*

Severson argues that the BOA review judge failed to review the entire record. It appears Severson is arguing that the review judge should have contemplated Floyd's medical records which showed that she had a scratch on the day of the incident and which did not mention a "gash." Br. of Appellant at 36. But these medical records were not in the administrative record; thus, the review judge did not fail to review the record by failing to review these extraneous

documents. *See* RCW 34.05.558, .562(1); *Okamoto v. Employment Sec. Dep't*, 107 Wn. App. 490, 494-95, 27 P.3d 1203 (2001).

Similarly, Severson argues that those medical documents showed that Floyd had a "scratch" rather than a gash. Br. of Appellant at 36 (citing CP at 907). Weighing the credibility of the evidence was within the authority of the BOA review judge, and we do not substitute our judgment for that of the agency regarding the credibility or weight of evidence. *Affordable Cabs, Inc.*, 124 Wn. App. at 367.

8. *Confrontation*

Severson appears to argue that his right to confront witnesses was violated. However, this right is unique to criminal law. *See* U.S. CONST. amend VI; WASH. CONST. art. I, § 22; RCW 10.52.060. Thus, the claim fails.

9. *Legal Standard*

Severson argues that the appropriate standard for findings of neglect should be clear and convincing evidence, not a preponderance of the evidence, because the risk of loss of liberty is great. Under RCW 26.44.020(11), the evidentiary standard for a finding of neglect is preponderance of the evidence. We have already rejected the argument that due process requires a higher standard of proof when DSHS makes a finding of neglect of an adult. *Raven v. Dep't of Soc. & Health Servs.*, 167 Wn. App. 446, 471, 273 P.3d 1017 (2012), *rev'd on other grounds*, 177 Wn.2d 804, 306 P.3d 920 (2013). Similarly here, due process does not require a higher standard of proof for a finding of neglect of a child.

10. *Stricken Argument*

Severson argues that the ALJ wrongly struck Severson's written argument about DSHS's evidence because DSHS did not have an opportunity to respond. We disagree.

Severson moved to dismiss the case. DSHS filed a response to this motion, and Severson filed "additional argument and documents" in support of the motion to dismiss on the date his reply to DSHS's response was due. CP at 381. The ALJ concluded that this additional argument and documents were not a reply to the response, but were instead "additional arguments to which the Department did not have an opportunity to respond." CP at 383. Thus, the ALJ struck them.

The ALJ has broad discretion to govern hearing procedures. *See* WAC 10-08-200(1), (4), (8), (9), (11). Severson cites no authority to establish that he had a right to present additional argument and documents, rather than reply to DSHS's response. Thus, he fails to carry his burden of showing that the ALJ erred by exercising her discretion and refusing to let him do so. RCW 34.05.570(a). Nor does he show that the ALJ's decision to strike Severson's argument substantially prejudiced him. RCW 34.05.570(1)(d). Thus, this is not a basis for reversing the finding.

11. *Superior Court*

Severson argues that the superior court erred by affirming the DSHS review. But we look to the agency's decision, not the superior court's. *Tapper*, 122 Wn.2d at 402.

12. *Contempt*

Severson argues that DSHS is in contempt of court for improperly reviewing the evidence and for failing to provide the complete record. There was never an order compelling

DSHS to add to the record or review the record differently; thus, DSHS is not in contempt for violating any such order.

13. *Self-Defense*

Severson appears to argue that he should have obtained judicial review on the issue of whether he appropriately used self-defense, apparently against Floyd. But the question in this case was whether Severson neglected or maltreated C, not whether any force he exerted against Floyd was permissible. Thus, any self-defense argument was irrelevant to the proceeding.

14. *Other Arguments*

Severson lists 13 arguments at the end of his brief, which are labeled "Short Summary."[6] Br. of Appellant at 42. Some of them are restatements of arguments we address above. To the extent Severson attempts to make new arguments in this summary, he fails because he cites neither legal authority nor the record. *See* RAP 10.3(a)(6). Severson also raises several new arguments for the first time in his reply brief; we do not consider them. RAP 10.3(c).

ATTORNEY FEES

Severson requests attorney fees in the amount of $15,000, citing RCW 9A.16.110. RCW 9A.16.110(2) allows an award of attorney fees to a person acquitted of a violent crime by reason

---

[6] They are that (1) DSHS does not cite a legal authority in its finding; (2) "The DSHS evidence is not lawfully submitted into the record;" (3) DSHS did not appear for the September 10, 2012 hearing, and was therefore in default; (4) DSHS provided only hearsay evidence; (5) DSHS made "many false statements of fact;" (6) the DSHS review judge is a DSHS employee; (7) DSHS maintains the record; (8) the DSHS review judge failed to review whole record; (9) the DSHS review judge reversed the finding based on a nonexistent 7-inch gash; (10) Severson could not defend himself by speaking at the hearing; (11) "The appellant loses many constitutional rights if the finding stands;" (12) Severson did not have the benefit of a jury, the ability to defend himself, or an impartial tribunal; and (13) Severson is indigent, so this proceeding has been prejudicial. Br. of Appellant at 42-43.

No. 46776-3-II

of self-defense; it is inapplicable to this case. Moreover, Severson cites no authority for a pro se litigant to receive attorney fees. He is therefore not entitled to them. RAP 18.1.

In conclusion, we affirm BOA's order affirming the finding of neglect. We deny Severson's request for attorney fees.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Johanson, J.

Lee, J.