FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2017 OCT -9 AM 9: 44

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| RICHARD FERGUSON, ) | DIVISION ONE |
| ) | |
| Appellant, ) | No. 75706-7-I |
| ) | |
| v. ) | UNPUBLISHED OPINION |
| ) | |
| STATE OF WASHINGTON ) | |
| DEPARTMENT OF EMPLOYMENT ) | |
| SECURITY, ) | |
| ) | |
| Respondent. ) | FILED: October 9, 2017 |
| ) | |

DWYER, J. – Richard Ferguson appeals from a decision of the commissioner of the Washington State Employment Security Department denying his request for unemployment benefits. Because the commissioner's findings were supported by competent, admissible evidence and the commissioner correctly applied the law, we affirm.

I

In 2014 and 2015, Ferguson worked as a paralegal at the Baker Law Firm in Marysville. As soon as Ferguson began working for the firm, other employees noticed that Ferguson smelled like alcohol almost every day. Frequently, the smell was so overpowering that other employees would close their office doors or

refuse to go into Ferguson's office. They also noticed that, on days when the smell was particularly strong, Ferguson's eyes were red and watery and he had difficulty following conversations or responding to questions. Kelly Matheson, another paralegal at the firm, described the smell as "the same as, you know, hanging out with my friends when I used to drink and smelling them the next day." According to Brenda Chavez, the firm's receptionist, the odor smelled like "someone had drank the night before." Another attorney visiting the office also noticed that Ferguson smelled like alcohol, and told Baker that the smell "was a poor reflection on [the] office."

On January 21, 2015, Gary Baker, the owner of the firm, met with Ferguson about the complaints. Ferguson did not deny drinking alcohol or smelling of alcohol. Baker provided Ferguson with a written memo outlining several problem areas in addition to the alcohol smell, including the fact that Ferguson frequently missed filing deadlines and arrived late to the office. Regarding the alcohol smell, Baker wrote:

> You continually come to the office smelling of alcohol. We cannot tell if the smell is from you drinking the previous night or before coming to work or during work. The smell is apparent and disturbing to your fellow employees and me. If clients come into the office and are near you, they must smell the alcohol also.
>
> I have counseled you about this issue in the past, but is [sic] hasn't really changed. I believe you have an alcohol problem of some sort.

> The smell of alcohol seems to relate to you acting "foggy-headed" at times. Your fellow staff and I have all noticed this. Whether it's from you having a hangover or intoxication isn't clear.
>
> I cannot allow you to smell like alcohol while in the office.

The smell improved for a period of time after the meeting. However, when Baker went on vacation in late February, employees "noticed the smell of alcohol pretty much on a daily basis."

On March 13, 2015, Baker fired Ferguson. Baker told Ferguson that he believed Ferguson suffered from an alcohol problem, that he had been given an opportunity to correct the problem, and that the alcohol smell was causing problems in the office. Ferguson responded, "I know. I'm a different kind of guy." Ferguson did not deny drinking alcohol or smelling of alcohol.

Ferguson filed a claim for unemployment benefits. The Department denied Ferguson's request, concluding that Ferguson had been terminated for misconduct.

Ferguson appealed the Department's decision to the Office of Administrative Hearings. Following several days of testimony, an administrative law judge (ALJ) found that Baker, Matheson, and Chavez were credible and that Ferguson smelled of alcohol at work nearly every day. The ALJ found Ferguson's explanation that the employees were merely smelling his hairspray or

No. 75706-7-I/4

nicotine gum to be not credible. The ALJ concluded that Ferguson's actions constituted misconduct.

Ferguson petitioned for review of the ALJ's decision. A commissioner of the Department affirmed the ALJ's decision and adopted the ALJ's findings and conclusions. In doing so, the commissioner explicitly found that Ferguson's testimony was not credible. The commissioner concluded:

> [T]he claimant's discharge precipitating conduct, that is, repeatedly reporting to work with the alcohol on his breath, in the face [of] being asked by his employer to cease such disruptive conduct, evinced deliberate violations and disregard of standards of behavior which an employer has the right to expect of an employee. RCW 50.04.294(1)(b). Misconduct, as that term is contemplated by RCW 50.20.066(1), has been established.

The superior court affirmed the commissioner's decision. Ferguson appeals.

## II

The Washington Administrative Procedure Act (WAPA), chapter 34.05 RCW, governs judicial review of a final administrative decision of the Employment Security Department. Tapper v. Emp't Sec. Dep't, 122 Wn.2d 397, 402, 858 P.2d 494 (1993). When reviewing agency action, this court "sits in the same position as the superior court, applying the standards of the WAPA directly to the record before the agency." Tapper, 122 Wn.2d at 402. Because we sit in the same position as the superior court, we do not give deference to the superior

-4-

court's rulings. <u>Verizon Nw., Inc. v. Emp't Sec. Dep't</u>, 164 Wn.2d 909, 915, 194 P.3d 255 (2008). The decision on review is that of the commissioner of the Department, not the underlying decision of the administrative law judge. <u>Verizon Nw.</u>, 164 Wn.2d at 915.

A commissioner's decision is considered "prima facie correct." <u>Anderson v. Emp't Sec. Dep't</u>, 135 Wn. App. 887, 893, 146 P.3d 475 (2006). Ferguson, as the party asserting the invalidity of the agency action, carries the burden of proving such invalidity. <u>See</u> RCW 34.05.570(1)(a); <u>Daniels v. Emp't Sec. Dep't</u>, 168 Wn. App. 721, 281 P.3d 310 (2012). We will reverse a commissioner's decision only if (1) the agency erroneously interpreted or applied the law, or (2) substantial evidence does not support the decision, or (3) the order is arbitrary or capricious. RCW 34.05.570(3); <u>Tapper</u>, 122 Wn.2d at 402. We will not, however, substitute our judgment for that of the commissioner regarding witness credibility or the weight of evidence. <u>Affordable Cabs, Inc. v. Emp't Sec. Dep't</u>, 124 Wn. App. 361, 367, 101 P.3d 440 (2004).

The Employment Security Act exists to provide compensation to individuals who are "involuntar[ily]" unemployed "through no fault of their own." RCW 50.01.010. Accordingly, an individual is disqualified from receiving unemployment benefits if he or she is discharged "for misconduct connected with

his or her work." RCW 50.20.066(1). The statute provides a nonexclusive list of conduct that constitutes misconduct, including:

> (a) Willful or wanton disregard of the rights, title, and interests of the employer or a fellow employee;
> (b) Deliberate violations or disregard of standards of behavior which the employer has the right to expect of an employee;
> (c) Carelessness or negligence that causes or would likely cause serious bodily harm to the employer or a fellow employee; or
> (d) Carelessness or negligence of such degree or recurrence to show an intentional or substantial disregard of the employer's interest.

RCW 50.04.294(1). However, misconduct does not include:

> (a) Inefficiency, unsatisfactory conduct, or failure to perform well as the result of inability or incapacity;
> (b) Inadvertence or ordinary negligence in isolated instances; or
> (c) Good faith errors in judgment or discretion.

RCW 50.04.294(3).

Whether an employee's actions constitute misconduct is a mixed question of fact and law. Tapper, 122 Wn.2d at 402. We review findings of fact to determine whether, based on the record, substantial evidence supported those findings. William Dickson Co. v. Puget Sound Air Pollution Control Agency, 81 Wn. App. 403, 407, 411, 914 P.2d 750 (1996). Where findings of fact are unchallenged, we treat the findings as verities on appeal. Fuller v. Dep't of Emp't Sec., 52 Wn. App. 603, 606, 762 P.2d 367 (1988). We review de novo whether the commissioner correctly applied the law to the findings, according substantial

weight to the agency's interpretation of the law. William Dickson, 81 Wn. App. at 407.

III

Ferguson first argues that the commissioner erred in concluding that he had been terminated for misconduct because Baker told him that he had been fired for different reasons, namely, his work performance and tardiness. Citing RCW 50.36.030, which provides that it is a misdemeanor for an employer to provide a different reason for termination to the Department than the employer provides to the employee at the time of separation, Ferguson argues that the commissioner was required to exclude all evidence regarding the smell of alcohol.[1]

But Ferguson did not raise this issue below. The APA precludes appellate review of issues not raised before the agency, subject to specified exceptions.[2]

---

[1] RCW 50.36.030 provides:
Employing units or agents thereof supplying information to the employment security department pertaining to the cause of a benefit claimant's separation from work, which cause stated to the department is contrary to that given the benefit claimant by such employing unit or agent thereof at the time of his or her separation from the employing unit's employ, shall be guilty of a misdemeanor and shall be punished by a fine of not less than twenty dollars nor more than two hundred and fifty dollars or by imprisonment in the county jail for not more than ninety days.
[2] RCW 34.05.554 provides:
(1) Issues not raised before the agency may not be raised on appeal, except to the extent that:

RCW 34.05.554(1). Ferguson does not argue that any of the statutory exceptions apply here. Thus, Ferguson has waived this argument on appeal.

Even if we were to review the issue, it is entirely without merit. RCW 50.36.030 does not provide for the exclusion of evidence as a remedy. And, in any event, there was substantial evidence in the record that Baker informed Ferguson that he was being terminated, at least in part, because of the persistent alcohol smell.

Ferguson next contends that the commissioner erred in finding that he came to work with alcohol on his breath. He contends that the evidence showed only that his body odor or perspiration smelled of metabolized alcohol. But substantial evidence supports the challenged finding. Matheson testified that "on occasion, I suppose, that maybe it smelled like it was coming from your breath," Chavez testified that the smell "could possibly" have come from Ferguson's

---

(a) The person did not know and was under no duty to discover or could not have reasonably discovered facts giving rise to the issue;

(b) The agency action subject to judicial review is a rule and the person has not been a party in adjudicative proceedings that provided an adequate opportunity to raise the issue;

(c) The agency action subject to judicial review is an order and the person was not notified of the adjudicative proceeding in substantial compliance with this chapter; or

(d) The interests of justice would be served by resolution of an issue arising from:

(i) A change in controlling law occurring after the agency action; or

(ii) Agency action occurring after the person exhausted the last feasible opportunity for seeking relief from the agency.

breath. Moreover, even if the findings were erroneous, it is insignificant. Ferguson was terminated for coming to work smelling of alcohol. The source of the smell is immaterial.

Ferguson next asserts that the commissioner erred in relying on lay witness testimony because "they had no expertise or training in detection of metabolized alcohol in someone's perspiration." But it is well settled in Washington that a lay witness may express an opinion regarding the smell of alcohol. See, e.g., State v. Quaale, 182 Wn. 2d 191, 201, 340 P.3d 213 (2014); State v. Randhawa, 133 Wn.2d 67, 74, 941 P.2d 661 (1997). And because administrative hearings operate under "relaxed rules of evidence," a judge may admit evidence of the kind "on which reasonably prudent persons" may rely. RCW 34.05.452(1); Goldsmith v. Dep't of Soc. & Health Servs., 169 Wn. App. 573, 585, 280 P.3d 1173 (2012). Moreover, both Matheson and Chavez testified that they had personal experience with how a person who had been drinking would later smell.

Finally, Ferguson claims that the commissioner erred in concluding that the alcohol smell constituted misconduct within the statutory definition. Ferguson points to the commissioner's findings that he "was never observed drinking at work" and "[n]one of the clients that the claimant met with ever complained about the claimant's smell or made a comment that he smelled of alcohol." Ferguson

argues that, at best, his actions merely constituted "unsatisfactory conduct," which is excluded from the definition of misconduct.

Ferguson is mistaken. "[I]t is within the legitimate interests and expectations of an employer that all employees come to work without smelling of alcohol." Henson v. Emp't Sec. Dep't, 113 Wn.2d 374, 381, 779 P.2d 715 (1989). The record shows Ferguson came to work smelling of alcohol despite the fact that Baker repeatedly informed him that the smell was unacceptable. Thus, Ferguson's conduct constituted "[d]eliberate violations or disregard of standards of behavior which the employer has the right to expect of an employee." RCW 50.04.294(1)(b).

Moreover, the fact that Ferguson was never observed drinking and no client complained about the smell is unavailing. Ferguson frequently met with clients in his small office in the course of his employment. Given that the smell was particularly unbearable in enclosed spaces, it is all but certain that clients could have become aware of it. When an employee's duties require contact with customers, it is reasonable for an employer to be concerned that the smell of alcohol will be detrimental to the interests of the business. See, e.g., Henson, 113 Wn.2d at 376 (it was misconduct for an employee to fail to complete an alcohol treatment program required by his employer, after employee came to work smelling of alcohol, despite the fact that the employee "never drank on the

job and it was not alleged his performance was impaired by drinking"). The commissioner properly concluded that Ferguson's conduct amounted to misconduct.

We affirm the decision of the commissioner.[3]

_____

We concur:

_____        _____

_____

[3] Because Ferguson is not the prevailing party, it is unnecessary to address his request for an award of fees and costs.